IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUHAMMAD DUDLEY, | : | Civil No. 3:22-cv-1560 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| STEPHEN SPAULDING, | : | |
| Respondent | : | |

**MEMORANDUM**

**I.   Background**

On October 5, 2022, Petitioner Muhammad Dudley ("Dudley"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that he was not credited with his First Step Act time credits. (Doc. 1). On October 27, 2022, Respondent filed a suggestion of mootness informing the Court that Dudley has received his First Step Act time credits. (Doc. 6). As a result, Respondent argues that the habeas petition is moot. (*Id.*). For the reasons set forth below, the Court will dismiss the habeas petition as moot.

**II.   Discussion**

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome' of the lawsuit."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)).  Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release.  *Id.*; *see also Burkey*, 556 F.3d at 146-50.

In the present case, Dudley sought the award of additional jail credits under the First Step Act.  As Dudley has received the credits he sought, he no longer has a concrete, redressable injury.  (*See* Doc. 6-1).  This Court therefore lacks an opportunity to provide Dudley with any meaningful relief in this habeas matter, and his challenge is moot.  *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: October 28, 2022